IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN BARNES,

   Petitioner,

v.                                                       Civil Action No.: DKC-20-1934

WARDEN,

   Respondent.

**MEMORANDUM OPINION**

Respondent's limited response to the Petition for Writ of Habeas Corpus asserts that the petition is time-barred and therefore subject to dismissal. ECF No. 12. Petitioner Juan Barnes filed a reply requesting that this court equitably toll the one-year filing period. ECF No. 14. No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be dismissed as time-barred and a certificate of appealability shall not issue.

BACKGROUND

On November 30, 2012, following a three-day jury trial in the Circuit Court for Washington County, Maryland, Mr. Barnes was convicted of second-degree murder; reckless endangerment; use of a handgun in the commission of a crime of violence; wearing, carrying or transporting a handgun; and possession of a handgun by a prohibited person in connection with the January 24, 2012 shooting death of Christopher Follett. ECF No. 12-1 at 78.[1] Mr. Barnes was sentenced on

---

[1] Citations to the record utilize pagination assigned by the electronic docketing system and may not match the page numbers referenced by counsel.

the day of the jury's verdict and received thirty years for second-degree murder; twenty years consecutive for use of a handgun in the commission of a crime of violence; and fifteen years consecutive for possession of a handgun by a prohibited person. *Id*. at 5-6. The aggregate sentence imposed is 65 years and the remaining counts merged. *Id*. at 6.

Mr. Barnes appealed his conviction to the Court of Special Appeals of Maryland asserting that the trial court erred in limiting cross examination of the State's key witness and by failing to instruct the jury on self-defense and imperfect self-defense. ECF No. 12-1 at 17 (Court of Special Appeals opinion). In an unpublished opinion dated March 28, 2014, the appellate court affirmed Mr. Barnes' conviction. *Id*. at 16-39. The mandate issued on April 28, 2014. Mr. Barnes filed a petition for writ of certiorari with the Court of Special Appeals of Maryland, which was denied on July 21, 2014. *Id*. at 11.

Mr. Barnes filed a motion for modification of sentence on January 18, 2013, which was denied on February 5, 2013. ECF No. 12-1 at 40-42. He filed two motions to correct illegal sentence in 2017 which were denied on October 30, 2017 and December 14, 2017. *Id*. at 52-53.

Mr. Barnes filed a petition for post-conviction relief on February 6, 2018, which was later amended by counsel on February 19, 2019. ECF No. 12-1 at 54-77. A post-conviction hearing was held on August 27, 2019. Mr. Barnes presented eight claims for relief: (1) the State violated *Brady* when it withheld Charel Burnett's prior conviction from the jury; (2) trial counsel was ineffective by failing to investigate Monique Broadus; (3) trial counsel was ineffective by failing to object to firearm evidence, failing to object to the testimony by the State's firearm expert; and failing to move to suppress the gun before trial; (4) the State violated *Brady* when it withheld Iesha Walker's statement; (5) trial counsel was ineffective by failing to investigate Iesha Walker; (6) trial counsel had a conflict of interest because he represented Ms. Burnett and the public defender's office has a general conflict of interest; (7) trial counsel failed to consult Mr. Barnes about a plea

2

offer; and (8) trial counsel failed to file an application for sentence review by a three judge panel. *Id*. at 79-92 (post-conviction opinion).

On October 31, 2019, the Circuit Court for Washington County issued a written decision denying post-conviction relief on seven of the grounds asserted and granting Mr. Barnes a belated application for sentence review by a three-judge panel. ECF No. 12-1 at 93.

On November 26, 2019, Mr. Barnes filed an application for leave to appeal the denial of post-conviction relief which was summarily denied on June 8, 2020. ECF No. 12-1 at 94-100.

Mr. Barnes' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was post-marked June 23, 2020 and received by this court on June 29, 2020. ECF No. 1-1. The petition was later supplemented. ECF No. 3.

STANDARD OF REVIEW

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

ANALYSIS

Mr. Barnes' conviction was final for the purpose of calculating the one-year filing period for a federal habeas petition on October 20, 2014, ninety days after the Court of Special Appeals of Maryland denied certiorari review and the time for seeking certiorari review with the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1, *see also Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Absent an event or circumstances warranting a tolling of the one-year period, Mr. Barnes' one-year filing deadline terminated as of October 20, 2015. As noted, Mr. Barnes filed his petition with this court on June 23, 2020, the date he mailed his initial filing to this court. ECF No. 1-1.

Although Mr. Barnes contends that he always had something pending in his criminal case making his petition with this court timely, the statutory tolling provision allowing the one-year period to be tolled while properly filed post-conviction proceedings are pending does not operate to toll the filing period in this case. *See* 28 U.S.C. § 2244(d)(2). Mr. Barnes' motions to correct illegal sentence were not filed until three years after his direct appeal was final. *See* ECF No. 12-1 at 13 and 52-53 (docket entries and orders denying two motions to correct illegal sentence). Additionally, Mr. Barnes' post-conviction petition was not filed until February 26, 2018. *Id*. at 54-77. The filing of collateral challenges after the one-year federal habeas filing period has expired does not revive the limitations period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000) (finding federal habeas petition untimely where petitioner sought post-conviction relief after the one-year limitations period expired).

In his reply, Mr. Barnes asks this court to find that he is entitled to equitable tolling and seemingly bases his request on his view that he was twice put in jeopardy in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution. ECF No. 14. The asserted basis for this conclusion is that the gun that was the subject of some of his convictions in the Circuit Court for Washington County was also used to charge him with similar firearms violations in the Circuit Court for Prince George's County. *Id*. at 1-2. Additionally, Mr. Barnes raises other substantive claims regarding the validity of the jury voir dire and the absence of expert ballistics testimony. *Id*. at 3-7. Nothing asserted by Mr. Barnes represents a cognizable basis for equitable tolling, nor does it support any other basis for excusing the delay in filing his petition with this court. Accordingly, this court finds that the petition is time-barred, and the merits of the claims asserted will not be addressed.

An additional matter which must be addressed when a petition for writ of habeas corpus is dismissed is the propriety of issuing a certificate of appealability. When a district court dismisses

a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). He does not meet that standard, in this court's view. Mr. Barnes may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

    A separate Order follows.

June 23, 2021                                                         /s/
                                                              DEBORAH K. CHASANOW
                                                               United States District Judge